UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 4-27

UNITED STATES OF AMERICA,                                                                PLAINTIFF,

v.                                            **OPINION & ORDER**

MIKE LANG and DONNIE TAYLOR,                                                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant Donnie Taylor's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 (Rec. No. 114). For the following reasons, the Court DENIES the motion.

After a jury trial, Donnie Taylor was convicted of one count of conspiring to bribe certain loan officers in violation of 18 U.S.C. § 371 and two counts of bribing certain loan officers in violation of 18 U.S.C. § 215(a)(1). With his Rule 29 motion, Taylor asks the Court to set aside the jury's verdict because of alleged discovery violations by the government. Specifically, Taylor argues that the jury's verdict should be set aside because the government failed to provide him a bank document titled "Suspicious Activity Report" ("SAR").

The SAR was filed by Cumberland Valley National Bank and Trust Company regarding suspicious activity by Jacob W. Pennington, one of the bank's loan officers who Taylor was accused of bribing. The SAR states that Pennington and another loan officer, Jamie Grimes, admitted they had accepted payoffs or kickbacks from Trevent Hayes. Hayes and Defendant Taylor were employees of Lang's Auto Sales which was owned by co-Defendant Mike Lang. The SAR also

notes that Grimes stated that he did not receive any payments directly from Lang but that he believed Lang knew of the payoffs. The SAR never mentions Donnie Taylor.

Taylor asserts that, in response to a subpoena issued by him, the bank gave him a copy of the SAR on November 2, 2004, the day before trial was set to begin. In his Rule 29 motion, Taylor argues that the government had a copy of the SAR but failed to provide it to Taylor.

The SAR states that Don Rogers, who was Cumberland Valley National Bank President at the time of the bank's investigation of the loans, was one of the individuals who interviewed Grimes and Pennington. The SAR also indicates that the bank's bonding company was notified of the suspicious activity. Taylor now argues that, if the government had given him the SAR earlier, then he would have contacted Rogers before trial. Taylor also argues that, had he received the SAR, he would have investigated the information obtained by the bank's insurance company.

Under Fed. R. Crim.P. 29, the only recognized basis for granting a motion for judgment of acquittal is insufficiency of evidence. Fed. R. Crim. P. 29(a). "The standard is whether the government had introduced evidence sufficient for any rational trier of fact to convict, viewing the evidence and all reasonable inferences in the light most favorable to the government. *United States v. Gibson*, 896 F.2d 206, 209 (6th Cir. 1990). With his Rule 29 motion, Taylor does not challenge the sufficiency of the evidence against him but instead argues that the government violated certain discovery rules. The Court cannot grant a Rule 29 motion on that basis and, therefore, the motion must be denied.

Furthermore, to the extent that Taylor argues that the Court should enter a judgment of acquittal as a sanction for alleged discovery violations by the government, the motion must also be denied. Taylor appears to argue that the government was obligated to provide him the SAR under Rule 16. (Rec. No. 114, Rule 29 Motion, p. 2 ¶ 3). Even assuming that the government did violate

Rule 16 by failing to provide Taylor with the SAR, a judgment of acquittal is not an appropriate remedy.

As the Court noted at a pre-trial hearing of this matter, the appropriate remedy for a Rule 16 violation by the government would be for the Court to compel disclosure of the document and permit Taylor an opportunity for cross-examination. *United States of America v. Clark*, 385 F.3d 609, 621 (6th Cir. 2004). Here, Taylor received the SAR prior to trial. Thus, there was no need for the Court to compel disclosure. Furthermore, as the Court noted in the pre-trial hearing of this matter, the SAR is a short, uncomplicated document. (Rec. No. 106, Transcript, November 3, 2004, p. 40). Taylor received it in ample time to prepare for an effective cross-examination. Finally, Taylor never moved for a continuance of the trial on the basis that the SAR warranted additional review or necessitated further investigation.

For all the above reasons, it is hereby ORDERED that Taylor's Motion for Judgment of Acquittal (Rec. No. 114) is DENIED.

This the 27th day of April, 2005.



**Signed By:**

*Karen K. Caldwell*
**United States District Judge**